IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

BOSE CORPORATION,

      Plaintiff,

v.

ABLE PLANET, INC.,

      Defendant.

---

### COMPLAINT AND JURY DEMAND

---

Plaintiff Bose Corporation ("Bose" or "Plaintiff") for its Complaint against Defendant Able Planet, Inc. ("Able Planet" or "Defendant"), alleges as follows:

### INTRODUCTION

1.  This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, trade dress infringement and dilution under Section 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a) and (c), and unfair competition under Colorado common law.

### PARTIES

2.  Plaintiff Bose Corporation is a Delaware corporation with a principal place of business at The Mountain, Framingham, MA, 01701-9168.  For more than forty years Bose has

developed, manufactured and marketed high-performing audio products.  Beginning in 2001,

Bose introduced its QuietComfort® Acoustic Noise Cancelling® Headphones.

3.      Upon information and belief, Defendant Able Planet, Inc. is a Delaware

Corporation with a principal place of business at 1746 Cole Boulevard, Unit 21-295, Lakewood,

CO 80401.  Able Planet markets and sells audio and communication devices.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Bose's claims pursuant to 15

U.S.C. § 1121 for the claims arising under the Lanham Act, 28 U.S.C. §§ 1331 and 1338(a) for

the claims arising under the patent laws of the United States, and 28 U.S.C. § 1367 for the claims

arising under Colorado law.

5.      Venue is proper in this District under 28 U.S.C. §§ 1400(b) and 28 U.S.C. §

1391(b)(1).

## FACTUAL BACKGROUND

### I.      Bose and the Bose Headphones

6.      Bose Corporation was founded in 1964 by Dr. Amar G. Bose, then professor of

electrical engineering at the Massachusetts Institute of Technology.  Extensive research by Dr.

Bose and others at the company in the fields of speaker design and psychoacoustics—the human

perception of sound—led to groundbreaking developments in speaker and sound systems.  These

developments paved the way for Bose's revolutionary, well-known and well-regarded

QuietComfort® Acoustic Noise Cancelling® Headphones.  These headphones actively reduce

external noise and are very comfortable to wear.

7.      For approximately the past 11 years, Bose has made and sold its unique and distinctive QuietComfort® Acoustic Noise Cancelling® Headphones.  These headphones deliver a combination of noise reduction, audio performance and comfortable fit that is unmatched in the industry.

8.      In 2003, Bose introduced the Bose QuietComfort® 2 Acoustic Noise Cancelling Headphones (QC2 Headphones), which were immediately successful in establishing a recognizable design for the Bose Headphones.  The Bose QuietComfort® 15 Acoustic Noise Cancelling Headphones (QC15 Headphones) replaced the QC2 Headphones in 2009; the QC15 Headphones offered improvements in performance over the QC2 Headphones, but preserved the QC2 Headphones' distinctive design.  In 2006, Bose introduced the QuietComfort® 3 Acoustic Noise Cancelling headphones (QC3 Headphones), which have substantially similar design elements to the QC2 Headphones and QC15 Headphones.  The QC3 Headphones and QC15 Headphones are collectively known as the "Bose Headphones".

9.      In 2006, Bose received a *Sound and Vision* Editors' Choice Award for its QC3 Headphones.  In July 2010, ConsumerSearch awarded the QC15 Headphones recognition as the best noise cancelling headphone.  In 2011, CNET selected the QC3 Headphones as one of the best headphones available.

10.     As a result of the groundbreaking research, development and design work on the Bose Headphones, Bose was granted and owns, United States patents on various features relating to active noise cancelling headphones, including U.S. Patent Nos. 5,181,252 patent ("the '252 patent"), D491,163 ("the '163 patent") and D541,255 ("the '255 patent") (collectively the '163 and '255 patents known as "the Bose Design Patents").

- 3 -

11.     The '252 patent is a utility patent, issued to Bose on January 19, 1993, and entitled, "High Compliance Headphone Driving." The '252 patent expired on January 19, 2010. A true and accurate copy of the '252 patent is attached hereto as **Exhibit A**.

12.     The '163 patent is a design patent, issued to Bose on June 8, 2004, and entitled "Headset." A true and accurate copy of the '163 patent is attached hereto as **Exhibit B**.

13.     The '255 patent is a design patent, issued to Bose on April 24, 2007, and entitled "Headset." A true and accurate copy of the '255 patent is attached hereto as **Exhibit C**.

14.     The Bose Headphones also have a unique, distinctive, and immediately recognizable design. This design is characterized by a matte ear cup overlaid with a shiny oval ring. These non-functional elements combine to create a clean, simple design (the "Bose Trade Dress") that is recognizable as a Bose headphone and appeals to purchasers. Additionally, the Bose Trade Dress as presented in its distinctive black, zippered carrying case, creates a distinctive overall appearance, which appeals to purchasers. Photos of the Bose Headphones depicting the Bose Trade Dress are shown as **Exhibit D**, attached hereto. The following photos depict the Bose Headphones:

 

15.     Used worldwide, the Bose Headphones are known not only for their unique, distinctive appearance, but also for their quality and comfort.

16.     The Bose Headphones are recognizable in the marketplace, and products exhibiting the Bose Trade Dress are associated with their performance characteristics.

17.     Because of their quality and reliability, the Bose Headphones have enjoyed enormous success in the U.S. market, resulting in substantial sales.

18.     Further, Bose has invested significant resources in promoting the Bose Headphones through brochures and advertisements in print, on television as well as on the Internet, depicting the Bose Trade Dress.

19.     As a result of Bose's promotional efforts, the success that Bose Headphones have achieved in the marketplace, as well as the continuous and exclusive use of the unique and distinctive Bose Trade Dress by Bose over the past decade, the Bose Trade Dress has become associated with Bose, as well as with the quality of the Bose Headphones.  Bose's Trade Dress

has acquired value as an identifier of quality Bose Headphones, has earned substantial customer goodwill, has achieved secondary meaning and is a famous mark.

## II.   Able Planet's Wrongful Conduct

20.     Able Planet manufactures, markets and sells headphones, namely, the Clear Harmony Noise Canceling Headphones model NC1000CH, the Sound Clarity Noise Canceling Headphones model NC500SC, the True Fidelity Noise Canceling Headphones model NC500TF and the Clear Harmony Around-Ear Active Noise-Canceling Headphones Model NC1100B (and colorable variations thereof) (the "Infringing Headphones").  The following photos depict the NC500SC and NC1000CH models of Infringing Headphones:

 

21.     Some or all of the Infringing Headphones infringed the '252 patent prior to its expiration, and continue to infringe the Bose Design Patents, as stated herein, and the Bose Trade Dress.

22.     The Infringing Headphones imitate and misappropriate the Bose Trade Dress.  As depicted in **Exhibit E**, the Infringing Headphones directly copy the unique and distinctive non-functional aspects of the Bose Trade Dress and thus look strikingly similar to authentic Bose Headphones.  Able Planet sells the Infringing Headphones in commerce.

23.     On information and belief, Able Planet's Infringing Headphones were intentionally designed to copy the Bose Trade Dress in order to trade off the goodwill and reputation for high quality associated with the Bose Trade Dress that Bose has developed over the past decade.

24.     Able Planet's Infringing Headphones are almost identical in appearance to Bose Headphones and imitate and copy the Bose Trade Dress.  Moreover, the Infringing Headphones are also displayed in a black-zippered package, which is imitative of and substantially similar to the black-zippered package in which the Bose Headphones are displayed.  Because the Infringing Headphones copy and imitate the Bose Trade Dress, consumers and the general consuming public are likely to be confused, mistaken or deceived as to the affiliation, connection, and/or association of Able Planet and its Infringing Headphones with Bose, or as to the source, origin, sponsorship, or approval of Infringing Headphones and/or as to the nature, characteristics or qualities of the Infringing Headphones.

25.     Able Planet's manufacture and sale of Infringing Headphones has harmed Bose, and has damaged the goodwill and reputation for high quality associated with the Bose Trade Dress.

26.     Bose seeks injunctive relief and damages to prevent Able Planet from deceiving and confusing consumers and from further injuring the goodwill and reputation for high quality developed over decades by Bose in the Bose Trade Dress.

### III.    Prior Litigation with Able Planet regarding the Bose Headphones

27.     On information and belief, Able Planet's activities are not a one-time effort to copy and are not an accident – manufacturing, distributing and selling knock-off headphones is part of a course of conduct engaged in by Able Planet, including the manufacture, distribution and sale of imitation headphones, and the misappropriation of Bose's intellectual property.

28.     On or about June 29, 2007, in-house counsel for Bose sent a letter to outside counsel for Able Planet informing Able Planet that, among other things: (1) Bose was the owner of U.S. Patent Nos. 4,922,542, 5,181,252, and D491,163; (2) Bose sold headphones under the name QuietComfort® 2 Acoustic Noise Cancelling® headphones and was the owner of the trade dress embodied by that product; and (3) Able Planet was attempting to create consumer confusion by using Bose's trade dress in certain of its noise cancelling headphones and marketing them with the same slogan ("Hear the Difference") that Bose had used in its advertising and marketing for many years.

29.     In that letter, Bose requested that Able Planet provide Bose with its views on the Bose patents, trademarks and trade dress rights as applied to certain of Able Planet's noise cancelling headphones.

30.     On or about July 11, 2007, Able Planet filed a complaint for declaratory relief against Bose in the United States District Court for the District of Colorado, Docket No. 1:08-cv-

00250-WYD, seeking judicial review of Bose's claims of infringement of its patents, trademarks and trade dress.

31.     On or about July 12, 2007, outside counsel for Able Planet, responded to Bose's June 29, 2007 letter, and informed Bose that it was assessing the issues raised in the June 29, 2007 letter.

32.     After filing the complaint, representatives of Bose and Able Planet began settlement discussions regarding Bose's claims of infringement of its patents, trademarks and trade dress.  In furtherance thereof, and to give Able Planet time to design and implement technical product and trade dress modifications for consideration during the settlement dialogue, Bose and Able Planet entered into a tolling agreement on our around November 6, 2008.

33.     On November 17, 2008, the parties filed a stipulation of dismissal without prejudice of the 1:08-cv-00250 action.

34.     By its terms, the November 6, 2008 tolling agreement terminated on June 30, 2009.  Following the termination of the tolling agreement, Able Planet introduced additional models of noise cancelling headphones which infringe the '252 patent, at least one of the Bose Design Patents and the Bose Trade Dress.

35.     Settlement discussions continued but have not resulted in an agreement satisfactory to both parties.

36.     Bose seeks injunctive relief and damages to prevent Able Planet from deceiving and confusing consumers and from injuring the goodwill and reputation for high quality developed over the past decade by Bose.

## FIRST CLAIM FOR RELIEF
(Patent Infringement)

37.     Bose incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

38.     Bose is the owner of the '252 patent entitled "High Compliance Headphone Driving." The '252 patent was duly and legally issued on January 19, 1993. The '252 patent expired on January 19, 2010. Consequently, Bose seeks relief with respect to the '252 patent only for past damages recoverable within the applicable statute of limitations.

39.     Under 35 U.S.C. § 271(a), Able Planet has infringed one or more of the claims in the '252 patent, including without limitation, by making, importing, using, selling and offering products, including, the Sound Clarity Active Noise Canceling Headphones, Model number NC500SC; the True Fidelity Active Noise Canceling Headphones, Model number NC500TF; and the Clear Harmony Noise Canceling Headphones, Model NC1000CH (and colorable variations thereof), which use Bose's active noise cancellation technology.

40.     Able Planet has been given actual notice of the '252 patent. Despite such notice, Able Planet continued to engage in acts of infringement. Upon information and belief, Able Planet's infringement was willful and deliberate.

41.     As a result of Able Planet's infringement, Bose has been harmed, and is entitled to past damages up until the date of expiration of the '252 patent.

- 10 -

## SECOND CLAIM FOR RELIEF
(Patent Infringement)

42.     Bose incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

43.     Bose is the owner of the '163 patent.  The '163 patent was duly and legally issued on June 8, 2004.

44.     Under 35 U.S.C. § 289, Able Planet has and continues to infringe the '163 patent, including without limitation, by making, using, selling and offering for sale products using Bose's Trade Dress and design, including the Clear Harmony Noise Canceling Headphones, Model NC1000CH and the Clear Harmony Around-Ear Active Noise-Canceling Headphones, Model NC1100B.

45.     The appearance of the Bose Headphones and the Infringing Headphones listed in paragraph 44 of the Complaint (and colorable variations thereof) are substantially the same, and the resemblance is such as to deceive an ordinary purchaser so as to induce him/her to purchase the Infringing Headphones thinking them to be the Bose Headphones.

46.     Able Planet has been given actual notice of the '163 patent.  Despite such notice, Able Planet continued to engage in acts of infringement.  Upon information and belief, Able Planet's infringement has been and continues to be willful and deliberate.

47.     The acts of Able Planet have caused and are causing harm and damage to Bose, and unless permanently enjoined by this Court, such harm will continue, and Bose will continue to suffer actual damages, to which it has no adequate remedy at law.

48.     Bose is entitled to recover as damages Able Planet's profits from the sale of the Infringing Headphones listed in paragraph 44 of the Complaint (and colorable variations thereof) and injunctive relief, in addition to other relief provided by law.

## THIRD CLAIM FOR RELIEF
### (Patent Infringement)

49.     Bose incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

50.     Bose is the owner of the '255 patent.  The '255 patent was duly and legally issued on April 24, 2007.

51.     Under 35 U.S.C. § 289, Able Planet has and continues to infringe the '255 patent, including without limitation, by making, using, selling and offering for sale products using Bose's Trade Dress and design, including but not limited to the Sound Clarity Active Noise Canceling Headphones, Model number NC500SC and True Fidelity Active Noise Canceling Headphones, Model number NC500TF.

52.     The appearance of the Bose Headphones and the Infringing Headphones listed in paragraph 51 of the Complaint (and colorable variations thereof), are substantially the same, and the resemblance is such as to deceive an ordinary purchaser so as to induce him/her to purchase the Infringing Headphones thinking them to be the Bose Headphones.

53.     Upon information and belief, Able Planet's infringement has been and continues to be willful and deliberate.

54.     The acts of Able Planet have caused and are causing harm and damage to Bose, and unless permanently enjoined by this Court, such harm will continue, and Bose will continue to suffer actual damages, to which it has no adequate remedy at law.

55.     Bose is entitled to recover as damages Able Planet's profits from the sale of the Infringing Headphones listed in paragraph 51 of the Complaint (and colorable variations thereof) and injunctive relief, in addition to other relief provided by law.

## FOURTH CLAIM FOR RELIEF
(Trade Dress Infringement, 15 U.S.C. § 1125(a))

56.     Bose incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

57.     The Bose Trade Dress is non-functional and has acquired secondary meaning among the relevant purchasing public.

58.     Able Planet distributes, offer for sale, and sells products in United States commerce, which use Bose's Trade Dress, including the Infringing Headphones (and colorable variations thereof).

59.     As a result of Able Planet's conduct, consumers and the general consuming public are confused, and will likely continue to be confused, mistaken or deceived as to the affiliation, connection, and/or association, source, origin, sponsorship, or approval, and/or as to the nature, characteristics or qualities of the Infringing Headphones (and colorable variations thereof).

Consumers may also attribute any inferior quality of the Infringing Headphones with the Bose brand.

60.     Able Planet's conduct, including as described above, constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, by virtue of Defendant's infringement of the Bose Trade Dress.

61.     On information and belief, Able Planet's unlawful conduct, including as described above, was deliberate, knowing, and in willful disregard of Bose's intellectual property rights.

62.     The acts of Able Planet have caused and are causing great harm and damage to Bose, and unless permanently enjoined by this Court, such harm will continue, and Bose will continue to suffer actual damages, to which it has no adequate remedy at law.

63.     Bose is entitled to recover as damages Able Planet's profits from the sale of the Infringing Headphones (and colorable variations thereof) and injunctive relief, in addition to other relief provided by law.

## FIFTH CLAIM FOR RELIEF
(Federal Dilution, 15 U.S.C. § 1125(c))

64.     Bose incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

65.     The Bose Trade Dress is unique, distinctive, has acquired secondary meaning, and is famous under 15 U.S.C. § 1125(c)(1).

66.     The Bose Trade Dress is non-functional.

67.     After the Bose Trade Dress became famous, Able Planet began to distribute, offer for sale, and sell the Infringing Headphones (and colorable variations thereof) in United States commerce.

68.     Able Planet's conduct has lessened, and is likely to continue to lessen the capacity of the Bose Trade Dress to identify and distinguish Bose's goods and services.

69.     Able Planet's conduct has caused and continues to cause a likelihood of dilution by blurring of the Bose Trade Dress, and a likelihood of dilution by tarnishment of the Bose Trade Dress.

70.     Able Planet's conduct, including as described above, constitutes dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c).

71.     On information and belief, Able Planet's unlawful conduct, including as described above, was deliberate, knowing, and in willful disregard of Bose's intellectual property rights.

72.     The acts of Able Planet have caused and are causing great harm and damage to Bose, and unless permanently enjoined by this Court, such harm will continue, and Bose will continue to suffer actual damages, to which it has no adequate remedy at law.

73.     Bose has suffered, and unless Able Planet's conduct is permanently enjoined, will continue to suffer, actual damages and other harm as to which it has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
(Common Law Unfair Competition under Colorado Law)

74.     Bose incorporates the allegations contained in the preceding paragraphs as if fully set forth here.

75.     Bose has invested substantial time and money in the development and promotion of Bose Headphones and the Bose Trade Dress.

76.     Able Planet has misappropriated the Bose Trade Dress in order to exploit and trade off Bose's goodwill and reputation in the market.

77.     The overall look of Able Planet's Infringing Headphones (and colorable variations thereof) is confusingly similar to Bose's authentic, high quality Bose Headphones.

78.     Upon information and belief, Able Planet's conduct, including as described above, has caused confusion or deceived purchasers, and is likely to continue to cause confusion or to deceive purchasers, as to the origin of the Infringing Headphones.

79.     Able Planet's conduct, including as described above, has caused, and will likely continue to cause mistake or confusion as to the affiliation, connection, and/or association, source, origin, sponsorship, or approval, and/or as to the nature, characteristics or qualities of the Infringing Headphones (and colorable variations thereof).

80.     On information and belief, Able Planet's unlawful conduct, including as described above, was deliberate, knowing, and in willful disregard of Bose's intellectual property rights.

81.     Bose has suffered and will continue to suffer competitive injury as a result of Able Planet's unfair competition.

82.     Able Planet's unfair and unlawful conduct, including as described above, constitutes unfair competition in violation of Colorado common law.

83.     Bose is entitled to recover damages in an amount to be determined at trial, including all profits derived by Able Planet as a result of their unfair competition, as well as costs of litigation and attorneys' fees.

84.     Because of Able Planet's unfair and deceptive conduct, Bose has suffered, and unless Able Planet's conduct is permanently enjoined, will continue to suffer, actual damages and other harm as to which it has no adequate remedy at law.

WHEREFORE, Bose requests that the Court:

1.     Adjudge that Bose is the owner of the '252 patent, which was good and valid in law and enforceable up until the date of its expiration, and that Bose has a right to recovery for past damages up until the date of expiration of the '252 patent;

2.     Adjudge that Able Planet infringed the '252 patent, and that such infringement was willful and deliberate;

3.     Adjudge that Bose is the owner of the '163 patent with right to recovery thereunder, and that the '163 patent is valid in law and enforceable;

4.     Adjudge that Able Planet has and continues to infringe the '163 patent, and that such infringement has been willful and deliberate;

5.     Permanently enjoin Able Planet, its officers, directors, employees, agents, licensees, successors, and assigns, and all persons in concert with them, from further infringement of the '163 patent;

6.      Adjudge that Bose is the owner of the '255 patent with right to recovery thereunder, and that the '255 patent is valid in law and enforceable;

7.      Adjudge that Able Planet has and continues to infringe the '255 patent, and that such infringement has been willful and deliberate;

8.      Permanently enjoin Able Planet, its officers, directors, employees, agents, licensees, successors, and assigns, and all persons in concert with them, from further infringement of the '255 patent;

9.      That, once actual damages are assessed, damages so ascertained be trebled under 35 U.S.C. § 284 in view of the willful and deliberate nature of the infringement, and that such damages be awarded to Bose with interest;

10.     That this be declared an exceptional case under 35 U.S.C. § 285 and that Bose be awarded its attorneys' fees;

11.     Adjudge that the Bose Trade Dress is valid and enforceable;

12.     Adjudge that Able Planet has and continues to infringe the Bose Trade Dress, and that such infringement has been willful and deliberate;

13.     Award to Bose its reasonable attorneys' fees, due to the exceptional nature of this case, and all of Bose's costs and expenses of litigation, pursuant to 15 U.S.C. § 1117(a)

14.     Adjudge that Able Planet has and continues to commit unfair competition in violation of the common law of the state of Colorado;

15.     Permanently enjoin Able Planet, its officers, directors, employees, agents, licensees, successors, and assigns, and all persons in concert with them, from further infringing the Bose Trade Dress;

16.     Award Bose compensatory damages;

17.     Under applicable law, treble the damages assessed;

18.     Under applicable law, award Bose its costs and attorneys' fees; and

19.     Award Bose such other relief as the Court deems just and proper.

**PLAINTIFF HEREBY MAKES ITS DEMAND FOR A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 1st day of June, 2011.

By:    s/ Gayle L. Strong
        Jennifer H. Weddle
        Gayle L. Strong
        Greenberg Traurig, LLP
        1200 17th Street, Suite 2400
        Denver, CO   80202
        Phone:  303-572-6500
        weddlej@gtlaw.com
        strongg@gtlaw.com

        Attorneys for Plaintiff Bose Corporation

Of Counsel:

John Regan (BBO # 415120)
Mark Matuschak (BBO # 543873)
Don Steinberg (BBO # 553699)
Karen D. Stringer (BBO # 664315)
Wilmer Cutler Pickering Hale and Dorr LLP

60 State Street
Boston, Massachusetts  02109
Tel.:  (617) 526-6000
Fax:  (617) 526-5000

*DEN 97,524,137v1 6-1-11*