IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:11-cv-01435-MSK-MJW

BOSE CORPORATION,

    Plaintiff,

v.

ABLE PLANET, INC.,

    Defendant.

**DEFENDANT ABLE PLANET, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Able Planet, Inc. ("Able Planet") answers Plaintiff Bose Corporation's ("Bose") Complaint as follows:

**INTRODUCTION**

1. Able Planet admits that the Complaint purports to assert a claim for patent infringement under Title 35 of the United States Code, trade dress infringement and dilution under Section 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a) and (c), and unfair competition under Colorado common law. Except as expressly admitted, Able Planet denies the allegations in paragraph 1 of the Complaint.

**PARTIES**

2. Able Planet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies them.

3. Able Planet admits that it is a corporation organized under the laws of the state of Delaware, with its principal place of business at 9500 W. 49th Avenue, Bldg. B-102, Wheat

Ridge, CO 80033. Able Planet admits that it sells audio and communication devices. Except as expressly admitted, Able Planet denies the allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Able Planet admits the allegations in paragraph 4 of the Complaint.

5. Able Planet admits the allegations in paragraph 5 of the Complaint.

## FACTUAL BACKGROUND

6. Able Planet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies them.

7. Able Planet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies them.

8. Able Planet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies them.

9. Able Planet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies them.

10. Able Planet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies them.

11. Able Planet admits that United States Patent No. 5,182,252 (the " '252 Patent") is entitled "High Compliance Headphone Driving" and indicates on its face that it was issued on January 19, 1993. Able Planet admits that a copy of the '252 Patent is attached as Exhibit A to the Complaint. Except as expressly admitted, Able Planet denies the allegations in paragraph 11 of the Complaint.

12. Able Planet admits that United States Patent No. D491,163 (the " '163 patent") is entitled "Headset" and indicates on its face that it was issued on June 8, 2004. Able Planet admits that a copy of the '163 Patent is attached as Exhibit B to the Complaint. Except as expressly admitted, Able Planet denies the allegations in paragraph 12 of the Complaint.

13. Able Planet admits that United States Patent No. D541,255 (the " '255 patent") is entitled "Headset" and indicates on its face that it was issued on April 24, 2007. Able Planet admits that a copy of the '255 Patent is attached as Exhibit C to the Complaint. Except as expressly admitted, Able Planet denies the allegations in paragraph 13 of the Complaint.

14. Able Planet admits that photographs are attached as Exhibit D to the Complaint. Able Planet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint and therefore denies them.

15. Able Planet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies them.

16. Able Planet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies them.

17. Able Planet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies them.

18. Able Planet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies them.

19. Able Planet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies them.

20. Able Planet admits that it sells headphones, including those marketed as the Clear Harmony Active Noise Canceling Headphones with Linx Audio® (Model No. NC1000CH), the Sound Clarity® Active Noise Canceling Headphones with Linx Audio® (Model No. NC500SC), the True Fidelity® Active Noise Canceling Headphones with Linx Audio® (Model No. NC500TF), and the Clear Harmony Active Noise-Canceling Headphones with Linx Audio® (Model No. NC1100B). Able Planet admits that paragraph 20 of the Complaint includes photographs, but lacks knowledge or information sufficient to form a belief as to the photographs, and therefore denies that the photographs depict the NC500SC and NC1000CH model headphones. Except as expressly admitted, Able Planet denies the remaining allegations in paragraph 20 of the Complaint.

21. Able Planet denies the allegations of paragraph 21 of the Complaint.

22. Able Planet admits that there is an Exhibit E is attached to the Complaint. Except as expressly admitted, Able Planet denies the remaining allegations of paragraph 22 of the Complaint.

23. Able Planet denies the allegations of paragraph 23 of the Complaint.

24. Able Planet denies the allegations of paragraph 24 of the Complaint.

25. Able Planet denies the allegations of paragraph 25 of the Complaint.

26. Able Planet admits that paragraph 26 of the Complaint purports to seek injunctive relief and damages, but denies that Bose is entitled to either. Except as expressly admitted, Able Planet denies the remaining allegations in paragraph 26 of the Complaint.

27. Able Planet denies the allegations of paragraph 27 of the Complaint.

28. Able Planet admits that on or about June 29, 2007, a person identified on the face of the letter as Intellectual Property Counsel for Bose sent a letter to Able Planet. No response to the remaining allegations of paragraph 28 is required, as the June 29, 2007 letter speaks for itself. To the extent a response is required, and except as expressly admitted, Able Planet denies the remaining allegations in paragraph 28 of the Complaint.

29. No response to the allegations of paragraph 29 is required, as the June 29, 2007 letter speaks for itself. To the extent a response is required, except as expressly admitted, Able Planet denies the allegations in paragraph 29 of the Complaint.

30. Able Planet admits that on or about July 11, 2007, Able Planet filed a complaint for declaratory relief against Bose in the United States District Court for the District of Colorado, Docket No. 1:07-CV-01464-MSK-CBS. Able Planet admits that on or about February 6, 2008, Able Planet filed a second complaint for declaratory relief against Bose in the United States District Court for the District of Colorado, Docket No. 1:08-CV-00250-WYD. No response to the remaining allegations of paragraph 30 is required, as the complaints speak for themselves. To the extent a response is required, and except as expressly admitted, Able Planet denies the remaining allegations in paragraph 30 of the Complaint.

31. Able Planet admits that it sent a letter to Bose on or about July 12, 2007. No response to the remaining allegations of paragraph 31 is required, as the July 12, 2007 letter speaks for itself. To the extent a response is required, and except as expressly admitted, Able Planet denies the remaining allegations of paragraph 31 of the Complaint.

32. Able Planet admits that representatives of Bose and Able Planet have engaged in settlement discussions and entered into a tolling agreement on or about November 6, 2008.

Except as expressly admitted, Able Planet denies the remaining allegations in paragraph 32 of the Complaint.

33. Able Planet admits the allegations of paragraph 33 of the Complaint.

34. No response to the allegations of paragraph 34 is required, as the November 6, 2008 tolling agreement speaks for itself. To the extent a response is required, and except as expressly admitted, Able Planet denies the allegations in paragraph 34 of the Complaint.

35. Able Planet admits the allegations of paragraph 35 of the Complaint.

36. Able Planet admits that Bose seeks injunctive relief and damages, but denies that Bose is entitled to either. Except as expressly admitted, Able Planet denies the remaining allegations of paragraph 36 of the Complaint.

## FIRST CLAIM FOR RELIEF
(Patent Infringement, '252 Patent)

37. Able Planet incorporates by reference its responses to paragraphs 1-36 of the Complaint.

38. Able Planet admits that the '252 Patent is entitled "High Compliance Headphone Driving" and indicates on its face that it was issued on January 19, 1993. Able Planet admits that the '252 Patent expired on January 19, 2010. The remaining allegations constitute legal conclusions to which no response is required. To the extent a response is required, and except as expressly admitted, Able Planet denies the remaining allegations of paragraph 38 of the Complaint.

39. Able Planet denies the allegations of paragraph 39 of the Complaint.

40. Able Planet denies the allegations of paragraph 40 of the Complaint.

41. Able Planet denies the allegations of paragraph 41 of the Complaint.

## SECOND CLAIM FOR RELIEF
(Patent Infringement, '163 Patent)

42. Able Planet incorporates by reference its responses to paragraphs 1-41 of the Complaint.

43. Able Planet admits that the '163 Patent indicates on its face that it was issued on June 8, 2004. The remaining allegations constitute legal conclusions to which no response is required. To the extent a response is required, and except as expressly admitted, Able Planet denies the remaining allegations of paragraph 48 of the Complaint.

44. Able Planet denies the allegations of paragraph 44 of the Complaint.

45. Able Planet denies the allegations of paragraph 45 of the Complaint.

46. Able Planet denies the allegations of paragraph 46 of the Complaint.

47. Able Planet denies the allegations of paragraph 47 of the Complaint.

48. Able Planet denies the allegations of paragraph 48 of the Complaint.

## THIRD CLAIM FOR RELIEF
(Patent Infringement, '255 Patent)

49. Able Planet incorporates by reference its responses to paragraphs 1-48 of the Complaint.

50. Able Planet admits that the '255 Patent indicates on its face that it was issued on April 24, 2007. The remaining allegations constitute legal conclusions to which no response is required. To the extent a response is required, and except as expressly admitted, Able Planet denies the remaining allegations of paragraph 50 of the Complaint.

51. Able Planet denies the allegations of paragraph 51 of the Complaint.

52. Able Planet denies the allegations of paragraph 52 of the Complaint.

53. Able Planet denies the allegations of paragraph 53 of the Complaint.

54. Able Planet denies the allegations of paragraph 54 of the Complaint.

55. Able Planet denies the allegations of paragraph 55 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
(Trade Dress Infringement, 15 U.S.C. §1125(a))

56. Able Planet incorporates by reference its responses to paragraphs 1-55 of the Complaint.

57. Able Planet denies the allegations of paragraph 57 of the Complaint.

58. Able Planet denies the allegations of paragraph 58 of the Complaint.

59. Able Planet denies the allegations of paragraph 59 of the Complaint.

60. Able Planet denies the allegations of paragraph 60 of the Complaint.

61. Able Planet denies the allegations of paragraph 61 of the Complaint.

62. Able Planet denies the allegations of paragraph 62 of the Complaint.

63. Able Planet denies the allegations of paragraph 63 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
(Federal Dilution, 15 U.S.C. §1125(c))

64. Able Planet incorporates by reference its responses to paragraphs 1-63 of the Complaint.

65. Able Planet denies the allegations of paragraph 65 of the Complaint.

66. Able Planet denies the allegations of paragraph 66 of the Complaint.

67. Able Planet denies the allegations of paragraph 67 of the Complaint.

68. Able Planet denies the allegations of paragraph 68 of the Complaint.

69. Able Planet denies the allegations of paragraph 69 of the Complaint.

70. Able Planet denies the allegations of paragraph 70 of the Complaint.

71. Able Planet denies the allegations of paragraph 71 of the Complaint.

72. Able Planet denies the allegations of paragraph 72 of the Complaint.

73. Able Planet denies the allegations of paragraph 73 of the Complaint.

## SIXTH CLAIM FOR RELIEF
(Common Law Unfair Competition under Colorado Law)

74. Able Planet incorporates by reference its responses to paragraphs 1-73 of the Complaint.

75. Able Planet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint and therefore denies them.

76. Able Planet denies the allegations of paragraph 76 of the Complaint.

77. Able Planet denies the allegations of paragraph 77 of the Complaint.

78. Able Planet denies the allegations of paragraph 78 of the Complaint.

79. Able Planet denies the allegations of paragraph 79 of the Complaint.

80. Able Planet denies the allegations of paragraph 80 of the Complaint.

81. Able Planet denies the allegations of paragraph 81 of the Complaint.

82. Able Planet denies the allegations of paragraph 82 of the Complaint.

83. Able Planet denies the allegations of paragraph 83 of the Complaint.

84. Able Planet denies the allegations of paragraph 84 of the Complaint.

## PRAYER FOR RELIEF

Paragraphs 1-19 of this section of the Complaint constitute Prayers for Relief which do not require a response. To the extent that this section may be deemed to allege any facts or any

factual or legal entitlements to the relief requested, Able Planet denies each and every such allegation. Specifically, Able Planet denies that Bose is entitled to any of the requested relief.

## DEMAND FOR JURY TRIAL

Able Planet joins Bose's request for a jury trial on all issues triable by jury.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Able Planet states as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Bose's Complaint fails to state a claim against Able Planet for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

2. Able Planet has not infringed and is not now infringing, directly, contributorily or through inducement, any valid, enforceable claim of the '252, '163 or '255 Patents.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

3. The claims of the '252, '163, and '255 Patents are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/ or 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

4. By reason of admissions made during the prosecution of the '252, '163, and '255 Patents, Bose is estopped from construing any claim of the '252, '163, or '255 Patents to cover any Able Planet product, process, or method.

### FIFTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 286)

5. Bose's claims for damages are limited by 35 U.S.C. § 286.

### SIXTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 287)

6. Bose's claims for damages, if any, are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287 from the date the '252, '163, and/or '255 Patents issued.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

7. Neither preliminary nor permanent injunctive relief is available to Bose under the legal standards for injunctions because, among other things, the balance of hardships and public interest do not favor an injunction in this case. See *eBay Inc. v. MercExchange*, LLC, 126 S. Ct. 1837 (2006).

### EIGHTH AFFIRMATIVE DEFENSE
### (Laches/Estoppel)

8. By reasons of Bose's own conduct, statements, acts, and omissions, the equitable doctrines of laches and/or estoppel bar Bose's claims for relief.

### NINTH AFFIRMATIVE DEFENSE
### (Waiver)

9. Bose's claims for relief are barred by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE
### (No Trade Dress Rights)

10. Bose has no trade dress rights in the design of the Bose Headphones.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

11.     Bose's claims for relief are barred by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

12.     Bose is not entitled to enhanced or increased damages for willful infringement because Able Planet has not engaged in any conduct that meets the standard for willful infringement.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Other Defenses)

13.     Able Planet intends to rely on any other defenses that may be available by law, or pursuant to statute, of which it becomes aware as a result of discovery or otherwise during the course of this matter, and hereby reserves the right to amend this answer to assert such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Able Planet denies that Bose is entitled to any of the relief prayed for in the Complaint, and Able Planet prays that judgment be entered against Bose as follows:

A.      A judgment denying Bose any and all of its requested relief and any relief whatsoever and dismissing Bose's Complaint in its entirety with prejudice;

B.      A judgment that manufacturing, using, offering for sale, selling, or importing Able Planet's products into the United States does not infringe, induce infringement of, or contribute to the infringement of any claim of the '252, '163, and '255 Patents;

C.      A judgment that the claims of the '252, '163, and '255 Patents are invalid and/or unenforceable;

D.      An injunction against Bose, its officers, agents, servants, employees, attorneys,

assignees, and those persons in active concert or participation with them, from making any threats of, or charging or asserting or instituting any action for, infringement of the '252, '163, and '255 Patents or the infringement of any trade dress rights against Able Planet or anyone in privity with Able Planet, including its suppliers, successors, assigns, agents, customers, and/or potential customers;

   E. A judgment that Able Planet does not infringe Bose's trade dress rights in the design of the Bose Headphones;

   F. A judgment that Bose has no trade dress rights in the design of the Bose Headphones;

   G. A judgment that this case is exceptional pursuant to 35 U.S.C. § 285 and that Able Planet is entitled to recovery of its attorneys' fees;

   H. Award Able Planet its costs and attorneys' fees; and

   I. Award Able Planet such other relief as the Court may deem just and proper.

## JURY DEMAND

Able Planet demands a trial by jury on all issues triable that are raised in the Complaint, or in Able Planet's Answer and Counterclaims

Dated:  August 4, 2011

By: *s/ Carolyn V. Juarez*
Wayne O. Stacy (#32716)
*wstacy@cooley.com*
Carolyn V. Juarez (#36050)
*cjuarez@cooley.com*
COOLEY LLP
380 Interlocken Crescent
Suite 900
Broomfield, CO  80021-8023
Telephone:     (720) 566-4000

***Attorneys for Defendant Able Planet, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2011, I electronically filed the foregoing **DEFENDANT ABLE PLANET, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

>Gayle Lynn Strong
>Greenberg Traurig, LLP-Denver
>1200 17th Street
>The Tabor Center . #2400
>Denver, CO 80202
>*strongg@gtlaw.com*

     *s/ Carolyn V. Juarez*

360408 v4/CO