IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

BOSE CORPORATION )
)
Plaintiff, )
)
v. ) Civil Action No. 1:11-cv-01435-MSK - MJW
)
)
ABLE PLANET, INC. )
)
Defendant. )

## STIPULATED MOTION FOR ENTRY OF [PROPOSED] PROTECTIVE ORDER *And Order*

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Court's August 19, 2011 Scheduling Order, Plaintiff Bose Corp. ("Bose") and Defendant Able Planet, Inc. ("Able Planet") (together, the "Parties"), by their counsel of record or acting counsel, hereby stipulate and move the Court to enter the following proposed Protective Order concerning the treatment of Confidential and Highly Confidential Attorneys' Eyes Only Information (as hereinafter defined).

1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and move the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords

1

extends only to the information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; D.C.COLO.LCivR. 7.2 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staff.

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items shall be limited to those materials that a Producing Party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, competitively sensitive research, financial, sales, technical, marketing, planning, or other confidential business information, as well as private or confidential personal information. The "Confidential" designation shall not include any material that the Producing Party has placed in the public domain and/or made available as a matter of public record.

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items shall be limited to particularly sensitive "Confidential Information or Items" the disclosure of which to another Party or non-party would create a substantial risk of competitive or business injury to the Producing Party.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 In-House Counsel: attorneys who are employees of a Party.

2.11 Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and who is not a past or a current employee of a Party or of a competitor of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

After the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order shall, in good faith, attempt to limit any such designation to material that qualifies under the appropriate standards.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party shall notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material, except that on briefs or other court filings referencing protected material in the text of the filing, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may appear only on the first page of the filing.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material.

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that any party believes should be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Federal Rules of Civil Procedure, the party shall invoke, on the record during the deposition, or in writing within 10 days of the taking of the deposition, a right to have up to 20 days to identify the specific portions of the

testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). The 20-day period shall run from the receipt by the Designating Party of the unofficial deposition transcript. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. The Designating Party shall be required to provide notice to the court reporter identifying those sections of the deposition transcript that are being designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent feasible, the court reporter shall separate those sections before producing an official transcript and shall produce the pages designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a separately bound section. If this is not feasible or if the official transcript has already been completed, then the notice from the Designating Party shall be affixed by the court reporter to the official transcript provided to any party.

(c) <u>For information produced in some form other than documentary</u>, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material if such failure is timely corrected once known to the Producing Party.

Upon such correction, the Receiving Party must treat the material as if it had been timely designated under this Protective Order and must endeavor in good faith to obtain or confirm the

destruction of all copies of documents which it distributed or disclosed to persons not authorized to access such information by Paragraph 7 below.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Method of Challenge. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by serving a written objection upon the Designating Party. The Designating Party shall notify the challenging party in writing of the bases for the asserted designation within ten days after receiving a written objection. The parties shall confer in good faith as to the validity of the designation within five days after the challenging party has received the Designating Party's bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the challenged designation, the challenging party may make an appropriate application to the Court within ten days after conferring with the Designating Party, with Confidential and Highly Confidential portions thereof to be filed under seal in accordance with the Local Rules. Failure to make such an application within the prescribed period shall constitute a waiver of the objection.

Until a challenge to an asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question according to the original designation.

6.3     Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation.

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

8

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(g) the author of the document or the original source of the information or an original recipient;

(h) such other persons as counsel for the Producing Party agrees in advance or as Ordered by the Court.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the following inside counsel for Bose Corporation: David Schuler and Steven Romine;

9

(c) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(f) the author of the document or the original source of the information or an original recipient.

7.4  Outside Counsel and Expert. Any Outside Counsel or Expert who has been afforded access to information or items from a Producing Party which has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," particularly information or items relating to Producing Party's business, sales, research, technology, development and marketing activities, shall not disclose, use or apply such information or items for any purpose other than for work or services performed in the scope of this case.

Use in This Action. The status of information or material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be lost by use of such information or material in a court proceeding in this action or any appeal therefrom. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

8.  NON-PARTIES

8.1  A copy of this Protective Order shall be furnished to each non-party required to produce documents or otherwise formally disclose information in response to discovery requests

during this litigation. Such non-parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order.

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in another action that seeks disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing promptly and in no event more than seven court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. FILING PROTECTED MATERIAL

In the event that Confidential or Highly Confidential – Attorneys' Eyes Only Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential or Highly Confidential – Attorneys' Eyes Only Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR. 7.2C.

12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this action, including any appeals there from, each Receiving Party must return all Protected Material to the Producing Party or destroy it. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Material that was

returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all Protected Material or pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 above.

13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14. Disclosure Beyond Terms of Protective Order

14.1 Nothing shall prevent disclosure beyond the terms of this Protective Order if the producing party consents to such disclosure in writing, or if the Court orders such disclosure.

14.2 Exclusions. This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose.

Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of Protected Material:

    (a)    separately obtained lawfully independently of this action;

(b) already known to such Party by lawful means prior to acquisition from, or disclosure by, the other Party in this action;

(c) which is or becomes publicly known through no fault or act of such Party; or

(d) rightfully received by such Party from a third party with authority to provide such material without restriction as to disclosure.

15. DISCLOSURE DURING TRIAL OR AT ANY HEARING

If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

16. REDACTIONS

Any producing party may redact from the documents and things it produces matter that the disclosing party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The producing party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The disclosing party shall preserve an unredacted version of each such document. This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity.

17. INADVERTENT DISCLOSURE OF PRIVILEGED AND EXPERT MATERIALS

17.1 The parties agree that any inadvertent disclosure or production of document(s) shall not be deemed a waiver of, or prejudice to, any privilege or immunity with respect to such

information or document(s), or of any work product doctrine or other immunity that may attach thereto, including without limitation the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity, provided that the producing party notifies the receiving party in writing promptly after the discovery of such inadvertent production. All copies of such document(s) shall be returned to the producing party or destroyed within 5 days of such notice. In the event documents are returned to the producing party pursuant to this paragraph, the producing party shall maintain the referenced documents until the parties resolve any dispute concerning the privileged nature of such documents, or the Court rules on any motion to compel such documents.

17.2 If a dispute arises concerning the protected nature of the document(s) demanded or returned under paragraph 17.1, the parties shall meet and confer in good faith in an effort to resolve the dispute. If the parties are unable to resolve the dispute, the producing party may file a motion for protective order protecting the document(s) at issue from being further disclosed, and requiring that the document(s) be returned to the producing party. In the event of such a motion for protective order, the producing party shall have the burden to demonstrate the claimed privilege, work product immunity or other immunity. The parties agree that the receiving party will not use or refer to any information contained within the document(s) at issue, including in deposition or at trial or in any Court filing, unless and until such a motion for protective order is denied by a Court, except as such information may appear in any applicable privilege log.

IT IS SO STIPULATED, THROUGH COUNSEL FOR THE PARTIES.

Dated: September 16, 2011

/s/ Gayle L. Strong
Gayle L. Strong
strongg@gtlaw.com
Greenberg Traurig, LLP
1200 Seventeenth Street, Suite 2400
Denver, CO 80202
(303) 572-6500

/s/ Glenn Lenzen
Glenn Lenzen
1700 Lincoln Street, Suite 4700
Denver, CO 80203
Direct: 303.749.7232

ATTORNEY FOR DEFENDANT

John Regan (BBO # 415120)
Mark Matuschak (BBO # 543873)
Don Steinberg (BBO # 553699)
Karen D. Stringer (BBO # 664315)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel.: (617) 526-6000
Fax: (617) 526-5000

ATTORNEYS FOR PLAINTIFF

## ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the Parties' stipulation and good cause appearing therefore, the Court hereby enters the above Stipulated Protective Order.

IT IS SO ORDERED

DATED: September 16, 2011.

BY THE COURT:

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

17

EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado on [date] in the case of *Bose Corporation v. Able Planet, Inc.*, Case No. 1:11-cv-01435. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____