# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BOSE CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:11-cv-01435-MSK-MJW |
| v. ) | |
| ) | |
| ABLE PLANET, INC, ) | |
| ) | |
| Defendant. ) | |

*ORDER REGARDING*
## STIPULATED MOTION FOR ENTRY OF [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER REGARDING DISCOVERY *(Docket No. 81)*

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, Plaintiff Able Planet Incorporated ("Able Planet"), and Defendant Bose Corporation ("Bose") (together, the "Parties"), hereby stipulate and move the Court to enter the following Supplemental Protective Order concerning the treatment of certain information produced during discovery in this matter. On September 16, 2011, the parties executed a Stipulated Protective Order regarding the treatment of certain information produced during discovery in this matter ("Protective Order"). The provisions herein supplement that Protective Order. To the extent any provisions in the Protective Order conflict with those provisions herein, the provisions in this Supplemental Protective Order shall control.

The Court, having concluded that the entry of the Supplemental Protective Order is appropriate, hereby ORDERS as follows:

### EXPERT MATERIALS

1. Testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that

the testifying expert prepared in other cases be subject to discovery in this case (except if the testifying expert has relied on an interview in his expert report, declaration, or affidavit, then all notes, summaries of the testifying expert or transcripts relating to that interview shall be discoverable). Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final opinion in this case. No conversations or communications between counsel and any testifying or consulting expert, or between a party and any testifying or consulting expert, will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation.

### INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS

2. Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), attorney-client privilege, work product protection or any other privilege or protection shall not be waived, in this case or in any other Federal or State proceeding, by inadvertent disclosure. More specifically, if any privileged or protected documents, records, and/or data are inadvertently disclosed to another party, such documents will not lose the privilege and/or protection attached thereto by the mere fact such documents were inadvertently disclosed, nor may any such documents, once identified, be used for any purpose (including,

without limitation, during a deposition). All copies of such document(s) shall be returned to the producing party or be destroyed within five days of such notice. This provision shall apply in this case, as well as in any other Federal or State proceeding.

If a dispute arises concerning the protected nature of the document(s) demanded or returned under this paragraph, the Parties shall meet and confer in good faith in an effort to resolve the dispute. If the Parties are unable to resolve the dispute, the producing party may file a motion for protective order protecting the document(s) at issue from being further disclosed, and requiring that the document(s) be returned to the Producing Party. In the event of such a motion for protective order, the Producing Party shall have the burden to demonstrate the claimed privilege, work product immunity or other immunity. The Receiving Party will not use or refer to any information contained within the document(s) at issue, including in deposition or at trial or in any Court filing, unless and until such a motion for protective order is denied by a Court.

3. Any party may move the Court to modify this Supplemental Protective Order upon good cause shown.

4. The parties agree to comply with this Supplemental Protective Order pending the Court's approval.

Respectfully submitted this 3rd day of August, 2012.

| BOSE CORPORATION | ABLE PLANET, INCORPORATED |
|---|---|
| By its attorneys, | By its attorneys, |
| /s/ Karen D. Stringer | /s/ Clay James |
| John Regan (BBO # 415120) | Clay James |
| Karen D. Stringer (BBO # 664315) | Srecko Vidmar |
| Elizabeth Mooney (BBO # 679522) | Hogan Lovells US LLP |
| Wilmer Cutler Pickering Hale and Dorr LLP | One Tabor Center, Suite 1500 |

ACTIVEUS 98958780v1

| | |
|---|---|
| 60 State Street<br>Boston, Massachusetts 02109<br>Tel.: (617) 526-6000<br>Fax: (617) 526-5000<br>jack.regan@wilmerhale.com<br>karen.stringer@wilmerhale.com<br>elizabeth.mooney@wilmerhale.com<br><br>Gayle L. Strong<br>Greenberg Traurig, LLP<br>1200 17th Street, Suite 2400<br>Denver, CO 80202<br>Phone: 303-572-6500<br>strongg@gtlaw.com<br>kramera@gtlaw.com | 1200 Seventeenth Street<br>Denver, CO 80202<br>Phone +1 303 899 7300<br>Fax +1 303 899 7333<br>clay.james@hoganlovells.com<br>lucky.vidmar@hoganlovells.com |

## ORDER

Based on the Parties' stipulation and good cause appearing therefor, the Court hereby enters the above Supplemental Protective Order Regarding Discovery. ( D N 81-1 )

IT IS SO ORDERED

DATED: August 8, 2012.

BY THE COURT:

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

*[handwritten margin note: grants the stipulated motion (D.N 81)]*