IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01435-MSK-MJW

BOSE CORPORATION,

Plaintiff,

v.

ABLE PLANET, INC.,

Defendant.

---

ORDER REGARDING
DEFENDANT ABLE PLANET'S MOTION TO COMPEL (DOCKET NO. 91)

---

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the court on Defendant Able Planet's Motion to Compel (docket no. 91). The court has reviewed the subject motion (docket no. 91), the response (docket no. 93), the reply (docket no. 94) and the sur-reply (docket no. 97-1). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2.    That venue is proper in the state and District of Colorado;

1

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in this lawsuit, Plaintiff Bose alleges that the '252 patent is being infringed upon by Defendant Able Planet's products, expressly incorporates the '675 patent.  See the '252 patent, col. 1, 1.66 - col. 2, 1.4;

5. That Defendant Able Planet has made a sufficient showing that the executive it seeks to depose, Dr. Amar Bose, has unique personal knowledge related to his work on the '675 patent.  That the executive seeking to avoid being deposed bears the burden of establishing that the "apex doctrine" precludes his deposition.  The "apex doctrine" may protect a high executive officer from the burdens of a deposition upon a showing that (1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought can be obtained from another witness; (3) the information can be obtained through an alternative discovery method; or (4) severe hardship on the deponent. See Thomas v. Int'l Business Machines, 48 F.3d 478, 483 (10th Cir. 1995); Naylor Farms, Inc. v. Anadarko OGC Co., No. 11-cv-01528, 2011 WL 2535067, at *2 (D. Colo. June 27, 2011);

6. That Plaintiff's counsel have stated that no hard copy or electronic documents exist that are related to Dr. Bose's work on the '675 patent.  See subject motion (docket no. 91) - exhibit 2 at 2;

2

7.    That Dr. Bose's personal knowledge is relevant to the issues of validity, claim construction and infringement of the '252 patent;

8.    That Dr. Bose is a named inventor of the '675 patent.  Mr. John Carter is a co-inventor of the '675 patent but Mr. Carter has not worked for Plaintiff Bose since 1990, and Plaintiff Bose has not preserved any of Mr. Carter's documents.  See subject motion (docket no. 91) - exhibit 1, at 1.  Moreover, Dr. Bose possesses unique personal knowledge as to the critical aspects of the claimed technology that is at the centerpiece of this litigation.  Further, it does not appear that such critical information can be reasonably obtained from other sources or from other witnesses;

9.    That Dr. Bose is apparently "mainly retired" but is still the Chairman of Plaintiff Bose and holds regular meetings with the President of Plaintiff Bose regarding business strategy.  Dr. Bose also apparently meets periodically with Plaintiff Bose's senior leaders and executives about company business; and

10.   That the taking of the deposition of Dr. Bose will not create a severe hardship upon Dr. Bose noting that he is "mainly retired" and that such deposition is not being sought by Defendant Able Planet to harass or abuse Dr. Bose.  Instead, Defendant Able Planet is only seeking discovery from Dr. Bose through his deposition regarding the claimed invention which Plaintiff Bose alleges has been infringed upon by Defendant Able Planet.

ORDER

WHEREFORE, based upon these findings of fact and conclusions of law this court ORDERS:

1.      That Defendant Able Planet's Motion to Compel (docket no. 91) is GRANTED;

2.      That the parties shall forthwith meet, consistent with Fed. R. Civ. P. 30 and D.C. COLO.LCivR 30.1, and set a suitable date, place and time for the deposition of Dr. Amar Bose; and

2.      That each party shall pay their own attorney fees and costs for this motion.

Done this 30th day of October 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE

4