IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01435-MSK-MJW

BOSE CORPORATION,

Plaintiff,

v.

ABLE PLANET, INC.,

Defendant.

---

**ORDER ON
ABLE PLANET'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND
AFFIRMATIVE DEFENSES (Docket No. 95)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 5) issued by Judge Marcia S. Krieger on June 7, 2011.

Now before the court defendant Able Planet's Motion for Leave to File Amended Answer and Affirmative Defenses (Docket No. 95). The court has carefully considered the subject motion (Docket No. 95), plaintiff's response (Docket No. 105), and defendant's reply (Docket No. 106). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Plaintiff seeks to amend its Answer (Docket No. 14) to add two affirmative defenses, one for improper inventorship and the other for inequitable conduct.

2

Defendant's Answer (Docket No. 14) was filed on August 4, 2011.  The court held a scheduling conference on August 19, 2011.  The Scheduling Order (Docket No. 22) set a deadline to amend pleadings regarding willful infringement and inequitable conduct for February 1, 2012.[1]  The subject motion (Docket No. 95) was filed on October 12, 2012.

Although the Federal Rules of Civil Procedure provide that a court should grant leave to amend "freely . . . when justice so requires," see Fed. R. Civ. P. 15(a), the court must first determine whether the amendment is within the deadline prescribed by the Scheduling Order.  Here, the deadline for amendment of pleadings regarding willful infringement and inequitable conduct was February 1, 2012, and defendant did not file its motion until October 12, 2012.  Thus, defendant's motion was untimely to a significant degree.

Because defendant's motion was untimely, defendant is first required to show "good cause" under Fed. R. Civ. P. 16(b)(4) for modifying the Scheduling Order.  See, e.g., Colo. Visionary Acad. V. Medtronic, Inc., 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning on Rule 16(b)(4)).

Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad

---

[1] The court notes that the Scheduling Order does not provide a deadline for amendment of pleadings generally.  However, the additional proposed affirmative defenses clearly fall within the category of "inequitable conduct."  The proposed Fifteenth Affirmative Defense is for inequitable conduct, and the proposed Fourteen Affirmative Defense is for improper inventorship based upon the inequitable conduct described in the proposed Fifteenth Affirmative Defense.

faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted). As such, the movant must "show that [he or she was] diligent in attempting to meet the deadline, which means [he or she] must provide an adequate explanation for any delay." Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). If the movant fails to show good cause under Rule 16(b)(4), there is no need for the court to move on to the second step of the analysis, i.e., whether the movant satisfied the requirements of Rule 15(a). Nicastle v. Adams Cnty. Sheriff's Office, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011).[2]

Defendant seeks to amend its answer over eight months after the deadline for amending pleadings expired. Defendant argues the availability of the additional affirmative defenses did not become apparent until after the completion of the first round of depositions of plaintiff's employees. These depositions appear to have taken place in

---

[2] It is the practice in this District to utilize the two-step analysis even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b)[(4)] in addition to the Rule 15(a) requirement." Strope v. Collins, 315 Fed. Appx. 57, 62 n.4 (10th Cir. 2009) (unpublished decision) (internal quotation omitted).

4

September 2012.  In response, plaintiff argues defendant has not learned of any new information relevant to the additional affirmative defenses since the February 1, 2012 deadline sufficient to show good cause for the delay.

The court finds that defendant has failed to show good cause.  As pointed out by plaintiff, much of the factual circumstances described in the additional affirmative defenses appear to involve publically available information, for example in the prosecution history of various patents and in previous litigation, which defendant clearly had access to prior to the February 1, 2012 deadline.  This information was, at the very least, sufficient to put defendant on notice that further investigation was warranted.  In anticipation, defendant could have moved the court for an extension to at some point prior to the February 1, 2012 deadline.  More importantly, defendant offers no explanation for the delay in filing a motion to amend, other than the conclusory statements that the September 2012 depositions made it apparent that: (1) Mr. Breen, had in fact, contributed to the '252 patent; and (2) Mr. Jang's contribution to the '252 patent is insufficient to support him being a named inventor.  However, defendant offers no evidence, for example by reference to deposition transcripts, to support its contentions.

In addition, the fact the parties took part in a settlement conference and came close to settling the matter, which may have in turn caused delays in discovery, does not absolve defendant from the requirement of acting diligently.  Pleading amendment deadlines require that parties conduct discovery efficiently and promptly in order to timely comply.  Granite Southlands Town Ctr. LLC v. Alberta Town Ctr., LLC, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. Jun. 8, 2010) (noting that

5

deadlines to amend a party's pleading are set at the beginning of a case to require the parties to prioritize their discovery and attempt to obtain information that may be relevant to possible amendment sooner rather than later).  Accordingly, for the above reasons, the court finds that defendant has failed to meet its burden to show good cause for the delay.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Able Planet's Motion for Leave to File Amended Answer and Affirmative Defenses (Docket No. 95) is **DENIED**.

Date:  November 16, 2012            s/ Michael J. Watanabe
       Denver, Colorado             Michael J. Watanabe
                                    United States Magistrate Judge