IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01435-MSK-MJW

BOSE CORPORATION,

Plaintiff,

v.

ABLE PLANET, INC.,

Defendant.

---

**ORDER ON**
**ABLE PLANET'S MOTION TO COMPEL CONTINUED DEPOSITIONS OF BERNICE**
**CRAMER AND JULIE TIERNEY (Docket No. 110)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 5) issued by Chief Judge Marcia S. Krieger on June 7, 2011.

Now before the court is defendant Able Planet's Motion to Compel Continued Depositions of Bernice Cramer and Julie Tierney (Docket No. 110). The court has carefully considered the subject motion (Docket No. 110), plaintiff's response (Docket No. 116), and defendant's reply (Docket No. 121). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Defendant seeks an order compelling plaintiff to allow defendant to further depose two of plaintiff's employees, Bernice Cramer and Julie Tierney, regarding the

appearance and design of future products.

Ms. Cramer's deposition took place on November 13, 2012.  During her deposition, counsel for plaintiff instructed Ms. Cramer on multiple occasions not to answer questions pertaining to future products.  See, e.g., Def.'s Mtn. Ex. E, at 40:5-9, 88:19-21, 101:12-14, 103:1-2, 147:14-17, 148:12-15.  Similarly, during Ms. Tierney's deposition, which took place on November 14, 2012, plaintiff's counsel instructed Ms. Tierney not to answer questions pertaining to future products.  See, e.g., Def.'s Mtn. Ex. C, at 93:6-10, 95:1-2.

Defendant argues plaintiff's instructions to Ms. Cramer and Ms. Tierney were inappropriate.  Specifically, defendant contends the topic of future products is relevant to plaintiff's claims.  Defendant further contends that commercial sensitivity of the information being sought is not a recognized basis for instructing a deponent not to answer a question.  In response, plaintiff argues that defendant was seeking trade secret information from plaintiff's employees, and as such, plaintiff's objections were appropriate.  Plaintiff cites to an order issued by Judge Koh in the Apple Inc. v. Samsung Electronics Co., Ltd. case from the Norther District of California (Def.'s Mtn. Ex. L, hereinafter the "Apple Order"), and argues the reasoning found in the Apple Order is applicable to this matter.

Federal Rule of Civil Procedure 30(c)(2) states that a "person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  "It is inappropriate to instruct a witness not to answer a question on the basis of relevance" Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995).

3

Relying largely on the Apple Order, plaintiff essentially argues that, based on the scope of plaintiff's claims, trade secrets related to plaintiff's future products are, by their very nature, privileged information.  The court agrees with plaintiff.

The Apple Order involved a preliminary injunction motion by Apple, which Apple confined to "products already in the market."  Apple Order at 7.  The court noted that Apple sought relief "based only on the alleged infringement of its existing products."  Id. at 8.  The court further noted that Apple was "entitled" to limit its relief sought in this manner, and the court "must consider the claims that Apple actually brings."  Id. Samsung "cited no case requiring a plaintiff in a trade dress or trademark case to produce its future products in a context similar" to the matter before the court.  Id.

Here, the circumstances are largely identical to those in the Apple Order. Although the Apple Order is not a binding authority, the court finds it persuasive and adopts its reasoning.  This is true even despite the difference in procedure posture between this matter and the Apple Order.  Plaintiff has stated that the trade dress asserted in this matter is limited to existing products made by plaintiff, namely the Quiet Comfort® 2, Quiet Comfort® 15, and Quiet Comfort® 3 headphones.  The court finds nothing unreasonable or deceptive about plaintiff's decision to limit its claims in this matter.  As such, plaintiff has not put its next generation products at issue, and access to information concerning those products by defendant is not necessary to defend itself against plaintiff's claims.  Accordingly, the court finds that defendant is not entitled to depose plaintiff's employees regarding future products, and plaintiff's instructions to Ms. Cramer and Ms. Tierney were appropriate.  Defendant does not cite to any cases which hold otherwise in circumstances similar to those before the court, nor does defendant

4

offer any persuasive arguments as to why the court should depart from the reasoning found in the <u>Apple Order</u>.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Able Planet's Motion to Compel Continued Depositions of Bernice Cramer and Julie Tierney (Docket No. 110) is **DENIED**.  It is further

**ORDERED** that each party will be responsible for the costs and fees associated with the motion**.**

Date:  January 8, 2013                    s/ Michael J. Watanabe
          Denver, Colorado                 Michael J. Watanabe
                                                      United States Magistrate Judge